UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA VIVODA-KLOTZ, | ) | CASE NO.: 4:22-CV-01005-BYP |
| | ) | |
| Plaintiff, | ) | JUDGE: BENITA PEARSON |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANT** |
| | ) | **TRUMBULL COUNTY BOARD OF** |
| TRUMBULL COUNTY BOARD OF | ) | **COMMISSIONERS TO PLAINTIFF'S** |
| COMMISSIONERS, | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| Defendant. | ) | **(Jury Demand Endorsed Hereon)** |

Now comes Defendant, Trumbull County Board of Commissioners, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiff's First Amended Complaint states as follows:

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2. While generally denying the acts as alleged by Plaintiff, Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3. While generally denying the claims as asserted by Plaintiff and stressing that Plaintiff failed to satisfy conditions precedent to suit, Defendant admits allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant admits that Plaintiff filed her first charge on or about February 15, 2021 and asserts that the charge speaks for itself. Defendant denies or denies for lack of knowledge all remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant admits that Plaintiff filed a second charge on or about May 31, 2022 and asserts that the charge speaks for itself. denies the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

8. Defendant admits that Plaintiff is a US citizen currently employed by Defendant but denies for lack of information all remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant admits that Trumbull County is a political subdivision and that the Board of Trumbull County Commissioners is a statutory creation composed of three elected commissioners; that Defendant is an "employer" under the FMLA and the ADA; and that Defendant is a "person" under R.C. 4112.01(A)(1). Defendant denies all remaining allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant admits that Plaintiff was hired as Journal Clerk 1 effective March 29, 2004, but Defendant denies all remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant admits that Plaintiff was appointed to the position of Assistant Clerk effective January 1, 2017, but Defendant denies all remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant admits that Plaintiff received additional pay when she performed the duties of Clerk, but Defendant denies all remaining allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant admits that Plaintiff had a private office for a period of time during which she held the title of Assistant Clerk. Defendant denies or denies for lack of knowledge all remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant admits that in or about September 2020, Plaintiff requested and received FMLA leave for, among other conditions, generalized anxiety disorder and major depressive disorder, but Defendant denies that Plaintiff requested or received FMLA for PTSD. Defendant denies or denies for lack of information all remaining allegations made and contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant admits that on November 18, 2020, acting on the recommendation of the Human Resources Department, Commissioners Fuda, Cantalamessa and Polivka voted unanimously to realign the position of assistant clerk to the position of third journal clerk 1, and that Plaintiff experienced no "demotion" and no reduction in salary. Defendant denies or denies for lack of knowledge all remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendant denies or denies for lack of information all allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant admits that Plaintiff returned to work on a part-time basis, subject to a 24-hour maximum workweek, and that without consulting Plaintiff's immediate supervisor, the human resources director decided that Plaintiff could work Monday, Wednesday and Friday each

week. Defendant denies all remaining allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant admits that Plaintiff was instructed to follow the chain of command and report directly to her supervisor about work issues. Defendant denies all remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

21. Defendant admits that Plaintiff was disciplined for having failed to file boxes worth of documents that pre-existed her leave by many months, if not years, and that Commissioner Frenchko sent an email to Steve Charles on January 15, 2021 pertaining to same. Defendant denies or denies for lack of information all remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant admits that Plaintiff's supervisor wanted Plaintiff to work her 24-hours on days when work flow was the heaviest and so Commissioner Frenchko, in the same January 15, 2021 email, asked Mr. Charles to notify Plaintiff that the office needed her on Tuesday, Wednesday, Thursday each week. Defendant denies all remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant admits that Plaintiff indicated that she could work Mondays instead of Tuesdays and that she claimed to need every Thursday off for an appointment, but until two February 1, 2021 letters from Plaintiff's doctor, no doctor had indicated that Plaintiff needed to schedule an appointment on Thursdays specifically or that she needed to take the entire day off

because of the appointment. Defendant denies all remaining allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant admits that Plaintiff continued to expect Thursdays off and Defendant continued to expect Plaintiff to work Thursdays. Defendant denies all remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant denies or denies for lack of information the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

27. Defendant admits the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant admits that she requested to see the doctor's letter that allegedly said that Plaintiff needed the entire Thursday off. Defendant denies that she was angry or that she "angrily confronted" Plaintiff. Defendant admits that Commissioner Frenchko had reviewed Plaintiff's personnel file (which is a public record). Defendant admits that Commissioner Frenchko said that "I will get it anyway" in regard to the single letter authorizing Plaintiff to take the entire Thursday off. Defendant denies all remaining allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant admits that Ms. Godfrey sent Plaintiff an email which speaks for itself. Defendant denies all remaining allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant admits that Ms. Godfrey sent Plaintiff home on Friday because she was not scheduled to work on Fridays. Defendant denies or denies for lack of information all remaining allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and further answering states that February 1, 2021 was the first date on which any medical provider explained why Plaintiff could not work on Thursdays.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant admits that Defendant issued Plaintiff a written warning in part because she disturbed the office by loudly crying in the workplace. Defendant denies that Plaintiff's physician had ever indicated that Plaintiff needed a private office as an accommodation and denies all remaining allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant admits that Plaintiff filed an EEOC charge on February 15, 2021, which charge speaks for itself. Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant admits that Commissioner Frenchko regularly video records her interactions with Plaintiff and other commissioners' office employees on her phone because of allegations they have made against her, and that Commissioner Frenchko has been critical of her work performance in public communications, but Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant admits that Plaintiff and other employees of the Commissioners' Office joined in a complaint about Commissioner Frenchko, but Defendant denies all remaining allegations contained therein.

41. Defendant admits that HR Director, Richard Jackson, who had filed his own charge, issued a written determination that speaks for itself. Defendant denies all remaining allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint, particularly including the allegation that Mr. Jackson substantiated a legally hostile work environment.

42. Defendant admits that Plaintiff was appointed as Godfrey's replacement and denies all remaining allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendant admits that she complained in writing on the dates identified, and that such writings speak for themselves. Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendant admits that Commissioner Frenchko posted the referenced comment, but denies all remaining allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant admits that Plaintiff made a written complaint to HR on May 23, 2022 about a particular social media post by Commissioner Frenchko, which complaint speaks for itself.

Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant admits the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendant admits that Frenchko said the words contained in quotes, but Defendant denies Plaintiff's characterization of the encounters and denies all remaining allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant denies or denies for lack of information the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

## **COUNT I (FMLA Interference)**

49. In response to Paragraph 49, Defendant incorporates the foregoing responses to the allegations contained in paragraphs 1 through 48 of Plaintiff's First Amended Complaint.

50. Defendant denies or denies for lack of information the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

## COUNT II (FMLA Retaliation)

55. In response to Paragraph 55, Defendant incorporates the foregoing responses to the allegations contained in Paragraphs 1 through 54 of Plaintiff's First Amended Complaint.

56. Defendant admits that Plaintiff's use of FMLA leave during 2020 constituted protected activity, but Defendant denies that Plaintiff was demoted and denies for lack of information all remaining allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint.

## COUNT III (Disability - Failure to Accommodate)

60. In response to Paragraph 60, Defendant incorporates the foregoing responses to the allegations contained in Paragraphs 1 through 59 of Plaintiff's First Amended Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

**COUNT IV (Disability – Hostile Work Environment)**

70. In response to Paragraph 70, Defendant incorporates the foregoing responses to the allegations contained in Paragraphs 1 through 69 of Plaintiff's First Amended Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint.

### **COUNT IV (Disability – Retaliation)**

78. In response to Paragraph 78, Defendant incorporates the foregoing responses to the allegations contained in Paragraphs 1 through 77 of Plaintiff's First Amended Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint, including all subparts.

80. Defendant denies the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint, including all subparts.

81. Defendant admits the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendant admits the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff was not "disabled" as defined by state or federal law.

### THIRD DEFENSE

3. Plaintiff was not "otherwise qualified."

### FOURTH DEFENSE

4. Plaintiff was not substantially limited in a major life activity.

### FIFTH DEFENSE

5. Plaintiff's claim for liquidated damages under the FMLA is barred because at all times relevant to the Complaint, Defendant acted in good faith and had reasonable grounds for believing that its acts and/or omissions did not violate the FMLA.

### SIXTH DEFENSE

6. Plaintiff did not properly request an accommodation, but if she did, the accommodation was unreasonable.

### SEVENTH DEFENSE

7. Plaintiff has not been damaged and/or has failed to mitigate her damages.

### EIGHTH DEFENSE

8. Plaintiff received all of the leave to which she was entitled.

## NINTH DEFENSE

9. Defendant had a legitimate nondiscriminatory and non-retaliatory reason(s) for any actions taken against Plaintiff.

## TENTH DEFENSE

10. Punitive damages and attorney fees cannot be awarded against a political subdivision on any of Plaintiff's state-law claims, and Title 42 U.S.C. § 1981a(b)(1) expressly prohibits an award of punitive damages in an ADA claim brought against a political subdivision.

## ELEVENTH DEFENSE

11. Plaintiff did not have a "serious health condition."

## TWELFTH DEFENSE

12. Plaintiff failed to exhaust administrative remedies and/or failed to establish conditions precedent to suit.

## THIRTEENTH DEFENSE

13. Plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charges.

## FOURTEENTH DEFENSE

14. To the extent that this Court determines that Plaintiff did request a reasonable accommodation, the employer pleads undue hardship.

## FIFTEENTH DEFENSE

15. Plaintiff has not suffered any adverse action.

## SIXTEENTH DEFENSE

16. Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches and/or unclean hands.

### SEVENTEENTH DEFENSE

17. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or administrative filing deadlines.

### EIGHTEENTH DEFENSE

18. Legislative immunity.

### NINETEENTH DEFENSE

19. The Court lacks subject matter jurisdiction over Plaintiff's claim that she was demoted or reduced in position from Assistant Clerk.

### TWENTIETH DEFENSE

20. Plaintiff was a classified employee as Assistant Clerk so she cannot establish that she suffered the adverse action of demotion or reduction in position because she failed to appeal it to the State Personnel Board of Review.

### TWENTY-FIRST DEFENSE

21. Defendant Board has no right or authority to discipline an elected official.

### TWENTY-SECOND DEFENSE

22. Compensatory damages are capped by Section 1981a and by Ohio law.

### TWENTY-THIRD DEFENSE

23. Trumbull County did not have sufficient control over Commissioner Frenchko, an elected official, to be held liable for her actions under Title VII or R.C. 4112.02.

### TWENTY-FOURTH DEFENSE

24. Defendant is entitled to all statutory immunities, defenses and protections available under R.C. Chapter 2744 on Plaintiff's state-law claims.

## TWENTY-FIFTH DEFENSE

25. After receiving all of the benefits required by the FMLA, Plaintiff was reinstated to the same or equivalent position.

**WHEREFORE,** having fully answered, Defendant Board of Trumbull County Commissioners prays that Plaintiff's First Amended Complaint be dismissed, and that it may go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN  (0064989)
100 Franklin's Row - 34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   kminahan@mrrlaw.com

*Counsel for Defendant Trumbull County Board of Commissioners*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN  (0064989)

*Counsel for Defendant Trumbull County Board of Commissioners*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2022, a copy of the foregoing Answer of Defendant Trumbull County Board of Commissioners to Plaintiff's First Amended Complaint was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN  (0064989)

*Counsel for Defendant Trumbull County Board of Commissioners*
